AO 106 (Rev. 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
Western District of Arkansas
Fort Smith Division

<table>
<tr><td>In the Matter of the Search of<br>Property located at 708 J Street,<br>Barling, Arkansas</td><td>)<br>)<br>)</td><td>Case No.  2:21cm81</td></tr>
</table>

**FILED**
US DISTRICT COURT
WESTERN DISTRICT
OF ARKANSAS

Sep 13, 2021

OFFICE OF THE CLERK

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*: **Property located at 708 J Street, Barling, Arkansas, more particularly described on "Attachment A".**

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*: **See "Attachment B".**

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

■ evidence of a crime;

■ contraband, fruits of crime, or other items illegally possessed;

■ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 2252A(a)(5)(B) | Possession of Child Pornography |

The application is based on these facts: **See Affidavit of HSI Special Agent Mark Adair**

■ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Mark Adair, Special Agent HSI
*Printed name and title*

Sworn to before me and signed in my presence.

Date:  09/13/2021
_____

_____
*Judge's signature*

City and state:  Fort Smith, Arkansas

Mark E. Ford, United States Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR A SEARCH WARRANT

I, Mark Adair, being duly sworn, hereby depose and state as follows:

1.     I am a Special Agent of the United States Department of Homeland Security, Homeland Security Investigations (HSI), and I have been employed in this capacity since June 2002.  I am a graduate of the Criminal Investigator Training Program and the U.S. Immigration and Customs Enforcement Special Agent Training Academy.  As a result of my employment with HSI, my duties include, but are not limited to, the investigation and enforcement of Titles 8, 18, 19, 21 and 31 of the United States Code (U.S.C.).  I am an "investigative or law enforcement officer of the United States" within the meaning defined in 18 U.S.C. § 2510(7), in that I am an agent of the United States authorized by law to conduct investigations of, and make arrests for, federal offenses.

2.     As part of my duties as a HSI agent, I investigate criminal violations relating to the sexual exploitation of children, including the illegal production, distribution, transportation, receipt, and possession of child pornography, in violation of 18 U.S.C. §§ 2251, 2252, and 2252A.  I have received extensive training in the area of child exploitation.  I have been involved in numerous child pornography investigations, and I am familiar with the tactics used by individuals who collect and distribute child pornographic material.

3.     I (hereinafter "Your Affiant") respectfully submits this Affidavit in support of an application for a warrant to search the premises known as 708 J Street, Barling, Arkansas, 72923 (hereinafter "PREMISES"), as described further in Attachment A.  For the reasons set forth in the Affidavit, there is probable cause to believe that instrumentalities, fruits, and evidence of a violation or violations of federal law will be found within the PREMISES.

1

4.      The statements in this Affidavit are based in part on my investigation of this matter, information relayed to me by the National Center for Missing and Exploited Children (NCMEC), and the expertise of other law enforcement officers familiar with child sexual exploitation investigations and cases.   Your Affiant has set forth only the facts that your Affiant believes are necessary to establish probable cause to believe that evidence, fruits, and instrumentalities of violations of Title 18, United States Code, Section 2252A(a)(5)(B), Possession of Child Pornography, are presently located at the PREMISES.

5.      Your Affiant is requesting authority to search the entire premises, including the residential dwelling and any computer and computer media, including cellular telephones and external storage devices, located therein where the items specified in Attachment B may be found, and to seize all items listed in Attachment B as instrumentalities, fruits, and evidence of crime.

6.      In your Affiant's training and experience, persons involved with child pornography generally prefer to store depictions of child pornography on computers, removable storage devices, or other hardware or media that can store visual depictions in digital form.  The capacity of external hard drives, flash drives, and other storage media has increased dramatically in recent years and the cost of storage media has gone down.  As a result, persons involved with child pornography may store files for years at little or no cost, without the need to delete files to make room for other files.  In my training and experience, your Affiant knows that information and photographs are readily transferrable from computers to cellular telephones and can be easily transported to different locations.

7.      Persons involved with child pornography almost always maintain and possess their material in secure locations such as their houses, apartments, garages, vehicles, or

workplaces.  These persons often store child pornography on cell phones and portable storage media where it is readily available for their use and arousal.

8.      Based on my training and experience, and the experience of other agents involved with this investigation, your Affiant knows that individuals involved in the sexual exploitation of children through child pornography almost always keep copies of their sexually explicit material. Some of the reasons copies are maintained are because child pornography is illegal to openly purchase, and the most common method of acquiring it is by trading with other people with similar interests.  It is also known that due to the inherent illegality of these sexually explicit materials, they are most often kept in a secure place, usually a residence, to avoid detection by law enforcement.  Your Affiant has also learned from his training and experience, and from talking with other seasoned law enforcement officers that possession of child pornography is continuing in nature, and oftentimes, collectors of child pornography do not quickly dispose of images they have received.  To the contrary, collectors of child pornography save images and store them in secure places such as their home computers or other external devices for long periods of time.

## JURISDICTION

9.      This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711, 18 U.S.C. §§ 2703(a), (b)(1)(A) and (c)(1)(A).  Specifically, the Court of the Western District of Arkansas is "a district court of the United States . . . that – has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).

## STATUTORY AUTHORITY

10.     As noted above, this investigation concerns alleged violations of the following:

a)  18 U.S.C. § 2252A(a)(5)(B) prohibits a person from knowingly possessing or knowingly accessing with intent to view, any book, magazine, periodical, film, video-tape, computer disk, or any other material that contains an image of child pornography that has been mailed, or shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer, or that was produced using materials that have been mailed, or shipped or transported in or affecting interstate or foreign commerce by any means, including by computer.

b)  The term "minor," as defined in 18 U.S.C. § 2256(1), refers to any person under the age of eighteen years.

c)  The term "sexually explicit conduct," 18 U.S.C. § 2256(2)(A)(i-v), is defined as actual or simulated (a) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; (b) bestiality; (c) masturbation; (d) sadistic or masochistic abuse; or (e) lascivious exhibition of the genitals or pubic areas of any person.

d)  The term "visual depiction," as defined in 18 U.S.C. § 2256(5), includes undeveloped film and videotape, data stored on computer disc or other electronic means which is capable of conversion into a visual image, and data which is capable of conversion into a visual image that has been transmitted by any means, whether or not stored in a permanent format.

e)  The term "computer," as defined in 18 U.S.C. § 1030(e)(1), means an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or

4

communications facility directly related to or operating in conjunction with such device.

f) The term "child pornography," as defined in 18 U.S.C. § 2256(8), means any visual depiction, including any photograph, film, video, picture, or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where (a) the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct; (b) such visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaging in sexually explicit conduct; or (c) such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct.

## BACKGROUND CONCERNING GOOGLE DRIVE AND GOOGLE PHOTOS

11.    Based on my knowledge and experience and information obtained from other law enforcement personnel with training and experience in this area, the following is known about Google Drive and Google Photos accounts:

a) Google Drive is a file storage and synchronization service created by Google. It allows users to store files in the cloud, share files and edit documents, spreadsheets and presentations with collaborators.

b) For Google Drive to synchronize files between the user's computer and Google Drive storage, the Google Drive 'client' software must be running on the user's computer. The client communicates with Google Drive to synchronize data.

c) Google Drive can be accessed offline on the Google Chrome browser via a Chrome application, which can be installed from the Chrome Web Store. Documents,

spreadsheets, presentations and drawings can also be viewed and edited offline through standalone Chrome applications.

d)   Google gives every user 15 GB of online storage space, which is shared across three of its most-used services, Google Drive, Gmail and Google+ Photos.

e)   Google Drive incorporates a system of file sharing in which the creator of a file or folder is, by default, its owner. The owner can regulate the public visibility of the file or folder, Files or folders can be shared privately with particular users having a Google account, using their @gmail.com email addresses.  Sharing files with users not having a Google account requires making them accessible to anybody with the link.  This generates a secret URL for the file, which may be shared via email, blogs, etc.  Files and folders can also be made public on the internet, which means that they can be indexed by search engines and thus can be found and accessed by anyone.

f)   Google Photos is a photo sharing and storage service that gives user free, unlimited storage for photos up to 16 MP. Users can search for anything in photos, with the service returning results from three major categories: People, Places and Things.

## **PROBABLE CAUSE**

12.   On May 11, 2021, your Affiant obtained a National Center for Missing and Exploited Children (NCMEC) Cyber Tipline Report 89180436 filed by Google, Inc. (Google). Google reviewers reported that on April 20, 2021 at 09:26:15 UTC, Google became aware of material believed to be child pornography stored on Google Drive and on Google Photos

infrastructure on the Google account of Raymond Watson.  Google reported the additional information associated with the account:

a.     Mobile Phone: +1479651XXXX (Verified 04-26-2019 23:42:49 UTC)

b.     Date of Birth: 05-XX-1960

c.     Email Address: f2fwatson1978@gmail.com (Verified)

d.     Email Address: Fwstson53@yahoo.com

13.     Your Affiant reviewed a copy of this Cyber Tipline Report and attached material and observed the following files and based on your Affiant's training and experience believe them to meet the federal definition of child pornography. Two of these files are described below:

i.     Filename: Google-CT-RPT-2ce470640380e244ae6940ab671b608f-2015-09-20 21.49.40_Creampie.png

Original Filename Associated with File: 2015-09-20 21.49.40_Creampie.png

This picture depicted a white female child 7-10 years-of-age laying naked on the floor with her breast exposed and legs spread exposing her vagina.  It appeared that semen was placed on her vagina for the photograph.

ii.     Filename: Google-CT-RPT-4d3d5b55417ed4caba988b54cbc3ffd6-tumblr_pe80zvaIcF1xbcq72.mp4

Original Filename Associated with File: tumblr_pe80zvaIcF1xbcq72.mp4

This video is approximately 19 seconds long and depicts a white female child 7 to 10 years-of-age performing oral sex on an unknown white males penis.

14.     (NCMEC) Cyber Tipline Report 89180436 also contained an additional six (6) linked (NCMEC) Cyber Tipline Reports (89520255,89450558, 89339667, 89331443, 89323566, 89170446), which Google reviewers reported between April 19, 2021, and April 27, 2021,

observing child sexual abuse material in the Google account of Raymond Watson, in either the account holders Google Drive and or Google Photos.

15.     Your Affiant also reviewed Cyber Tipline Report 89170446 which gave the following information:

Incident Type: Child Pornography (possession, manufacture, and distribution)

Incident Time: 04-19-2021 06:19:03 UTC

Description of Incident Time: The incident date refers to the approximate date and time Google became aware of the reported material

Google became aware of the reported content which was stored in Google Photos infrastructure

Google became aware of the reported content which was stored in Google Drive infrastructure

Type Value Event Date/Time

IP Address 2600:8804:8680:4540:f081:8768:7507:5fd Upload 02-06-2019 20:52:40 UTC

Number of uploaded files: 92

16.     Your Affiant reviewed the files and based on your Affiant's training and experience believe them to meet the federal definition of child pornography.  Four of these files contained are described below:

i.      File:Google-CT-RPT-1da8ec569cdd8cd9b828167b1fc9ad0a-tumblr_pectr73ZfZ1xbcq72.mp4

This is a video approximately 1 minute and 45 seconds in length depicting a female child between 8-10 years old exposing her genitals, inserting an object into her vagina and rubbing her vagina with her hand.

ii.     File Name: Google-CT-RPT-3d12996d2a0815d3b7a4220aa6fb9284-tumblr_pdz1ks0Njd1w2xurf_540.gif

8

This is a gif file (Graphics Interchange Format) with motion depicting an unidentified white male rubbing his penis on the mouth of a female child 8-10 years-of-age while the child is laying on the bed naked.

iii.   Filename: Google-CT-RPT-d68f20d00b4960113c94e6b95a2241e0-tumblr_pe6dioLpKX1xvtsfc.mp4

Original Filename Associated with File: tumblr_pe6dioLpKX1xvtsfc.mp4

This video is approximately 1 minute in length depicting an Asian female child 7-9 years of age naked and climbing into bed to perform oral sex with an unknown adult female.  The child is also filmed from behind focusing on the child's vagina.

iv.   Filename: report_15065374780679588732

This image depicts a white female child between the age of 8-10 laying on the bed naked and legs spread.  An unknown adult white male is touching the outside of the child's vagina with an erect penis.

17.   Your Affiant also reviewed the reports and files contained in Cyber Tipline Reports (89520255,89450558, 89339667, 89331443, 89323566), and based on your Affiant's training and experience believe them to meet the federal definition of child pornography.

18.   Your Affiant observed that all of these (NCMEC) Cyber Tipline Reports (89520255,89450558, 89339667, 89331443, 89323566, 89180436, 89170446) were reported by Google and listed the same suspect Google Account holder as follows:

Name: Raymond Watson
Mobile Phone: +14796510558 (Verified 04-26-2019 23:42:49 UTC)
Date of Birth: 05-XX-1960
Email Address: f2fwatson1978@gmail.com (Verified)

19.   On May 18, 2021, your Affiant served Verizon with legal compliance requesting the subscriber information for telephone number 479-651-0558. On May 20, 2021, Verizon complied with the subpoena and provide the subscriber information as follows:

Telephone number 479-651-0558 was established in October 2017 by Lesa Autry.

9

Verizon records list the current address for Lesa Autry as XXX J Street, Barling, Arkansas.

20.     On May 18, 2021, your Affiant found that the telephone number (479-651-XXXX) was provided on July 29, 2018, to the Fort Smith Police Department by a complainant named "Frank Watson" who called and reported loud music at a residence in Fort Smith, Arkansas.

21.     On May 18, 2021, your Affiant obtained utility information for the current Barling residence of Frank Watson.  The utilities service address is listed as 708 J Street, Barling, Arkansas.  Frank Watson provided his telephone number as 479-651-XXXX.

22. On May 18, 2021, your Affiant queried law enforcement databases for driver license information for Raymond Frank Watson.  Database queries returned the Arkansas Driver License XXXXX7510 as issued to Raymond Frank Watson, date of birth 05/XX/1960, and the listed address of 708 J Street, Barling, Arkansas.

23.     On August 18, 2021, Affiant executed a federal search warrant issued by a United States Magistrate, in the United States District Court for the Western District of Arkansas, to Google LLC ("Google"), an electronic communications service and/or remote computing service provider headquartered at 1600 Amphitheater Parkway, Mountain View, California through the Google Law Enforcement Request System, relating to the Google account information of Raymond Watson, as mentioned in the National Center for Missing and Exploited Children Tipline Reports.

24.     On August 30, 2020, Google, LLC provided Affiant the information relating to the search warrant for the Google account of Raymond Watson.  Upon previewing the

information, your Affiant discovered images and videos, that in Affiant's training and experience meet the federal definition of child pornography.

25.     On September 1, 2021, your Affiant drove by the 708 J Street, Barling, Arkansas address and observed a 2008 Silver Chevrolet Trailblazer parked in front of the residence.  The vehicle was queried through law enforcement databases and is registered to Raymond Frank Watson, at 708 J Street, Barling, Arkansas, 72923.

26.     On September 1, 2021, surveillance also observed a red 2019 Jeep Cherokee registered to Lesa Autry at 708 J. Street, Barling, Arkansas 72923.  Both the Arkansas Driver License and vehicle registration for Lesa Autry list the current address of 708 J Street, Barling, Arkansas 72923.

## THE USE OF COMPUTERS AND ELECTRONIC DEVICES IN RELATION TO THE SEXUAL EXPLOITATION OF CHILDREN

27.     As described above and in Attachment B, this Application seeks permission to search for records that might be found on the PREMISES, in whatever form they are found.  One form in which the records might be found is data stored on a computer's hard drive or other storage media, to include thumb drives.  Thus, the warrant applied for would authorize the seizure of electronic storage media or, potentially, the copying of electronically stored information, all under Rule 41(e)(2)(B).

28.     *Probable cause*.  Your Affiant submits that if a computer or storage medium is found on the PREMISES, there is probable cause to believe those records will be stored on that computer or storage medium, for at least the following reasons:

a.      Based on my knowledge, training, and experience, your Affiant knows that computer files or remnants of such files can be recovered months or even years after they have

11

been downloaded onto a storage medium, deleted, or viewed via the Internet. Electronic files downloaded to a storage medium can be stored for years at little or no cost.  Even when files have been deleted, they can be recovered months or years later using forensic tools.  This is so because when a person "deletes" a file on a computer, the data contained in the file does not actually disappear; rather, that data remains on the storage medium until it is overwritten by new data.

b.  Therefore, deleted files, or remnants of deleted files, may reside in free space or slack space—that is, in space on the storage medium that is not currently being used by an active file—for long periods of time before they are overwritten.  In addition, a computer's operating system may also keep a record of deleted data in a "swap" or "recovery" file.

c.  Wholly apart from user-generated files, computer storage media—in particular, computers' internal hard drives—contain electronic evidence of how a computer has been used, what it has been used for, and who has used it.  To give a few examples, this forensic evidence can take the form of operating system configurations, artifacts from operating system or application operation, file system data structures, and virtual memory "swap" or paging files.  Computer users typically do not erase or delete this evidence, because special software is typically required for that task.  However, it is technically possible to delete this information.

d.  Similarly, files that have been viewed via the Internet are sometimes automatically downloaded into a temporary Internet directory or "cache."

29.  *Forensic evidence.*  As further described in Attachment B, this Application seeks permission to locate not only computer files that might serve as direct evidence of the crimes

described on the warrant, but also for forensic electronic evidence that establishes how computers were used, the purpose of their use, who used them, and when. There is probable cause to believe that this forensic electronic evidence will be on any storage medium in the PREMISES because:

a. Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file). Virtual memory paging systems can leave traces of information on the storage medium that show what tasks and processes were recently active. Web browsers, e-mail programs, and chat programs store configuration information on the storage medium that can reveal information such as online nicknames and passwords. Operating systems can record additional information, such as the attachment of peripherals, the attachment of USB flash storage devices or other external storage media, and the times the computer was in use. Computer file systems can record information about the dates files were created and the sequence in which they were created, although this information can later be falsified.

b. As explained herein, information stored within a computer and other electronic storage media may provide crucial evidence of the "who, what, why, when, where, and how" of the criminal conduct under investigation, thus enabling the United States to establish and prove each element or alternatively, to exclude the innocent from further suspicion. In your Affiant's training and experience, information stored within a computer or storage media (e.g., registry information, communications, images and movies, transactional information, records of session times and durations,

13

internet history, and anti-virus, spyware, and malware detection programs) can indicate who has used or controlled the computer or storage media. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence. The existence or absence of anti-virus, spyware, and malware detection programs may indicate whether the computer was remotely accessed, thus inculpating, or exculpating the computer owner. Further, computer and storage media activity can indicate how and when the computer or storage media was accessed or used. For example, as described herein, computers typically contain information that log computer user account session times and durations, computer activity associated with user accounts, electronic storage media that connected with the computer, and the IP addresses through which the computer accessed networks and the internet. Such information allows investigators to understand the chronological context of computer or electronic storage media access, use, and events relating to the crime under investigation. Additionally, some information stored within a computer or electronic storage media may provide crucial evidence relating to the physical location of other evidence and the suspect. For example, images stored on a computer may both show a particular location and have geolocation information incorporated into its file data. Such file data typically also contains information indicating when the file or image was created. The existence of such image files, along with external device connection logs, may also indicate the presence of additional electronic storage media (e.g., a digital camera or cellular phone with an incorporated camera). The geographic and timeline information described herein may either inculpate or exculpate the computer user. Last,

14

information stored within a computer may provide relevant insight into the computer user's state of mind as it relates to the offense under investigation.  For example, information within the computer may indicate the owner's motive and intent to commit a crime (e.g., internet searches indicating criminal planning), or consciousness of guilt (e.g., running a "wiping" program to destroy evidence on the computer or password protecting/encrypting such evidence in an effort to conceal it from law enforcement).

c.  A person with appropriate familiarity with how a computer works can, after examining this forensic evidence in its proper context, draw conclusions about how computers were used, the purpose of their use, who used them, and when.

d.  The process of identifying the exact files, blocks, registry entries, logs, or other forms of forensic evidence on a storage medium that are necessary to draw an accurate conclusion is a dynamic process.  While it is possible to specify in advance the records to be sought, computer evidence is not always data that can be merely reviewed by a review team and passed along to investigators.  Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves.  Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

e.  Further, in finding evidence of how a computer was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.  For example, the presence or absence of counter-

15

forensic programs or anti-virus programs (and associated data) may be relevant to establishing the user's intent.

30.     *Necessity of seizing or copying entire computers or storage media.*  In most cases, a thorough search of a premises for information that might be stored on storage media often requires the seizure of the physical storage media and later off-site review consistent with the warrant. In lieu of removing storage media from the premises, it is sometimes possible to make an image copy of storage media.   Generally speaking, imaging is the taking of a complete electronic picture of the computer's data, including all hidden sectors and deleted files.  Either seizure or imaging is often necessary to ensure the accuracy and completeness of data recorded on the storage media, and to prevent the loss of the data either from accidental or intentional destruction.  This is true because of the following:

a.  The time required for an examination. As noted above, not all evidence takes the form of documents and files that can be easily viewed on site.  Analyzing evidence of how a computer has been used, what it has been used for, and who has used it requires considerable time, and taking that much time on premises could be unreasonable. As explained above, because the warrant calls for forensic electronic evidence, it is exceedingly likely that it will be necessary to thoroughly examine storage media to obtain evidence.  Storage media can store a large volume of information.  Reviewing that information for things described in the warrant can take weeks or months, depending on the volume of data stored, and would be impractical and invasive to attempt on-site.

b.  Technical requirements.  Computers can be configured in several different ways, featuring a variety of different operating systems, application software, and

configurations.  Therefore, searching them sometimes requires tools or knowledge that might not be present on the search site.  The vast array of computer hardware and software available makes it difficult to know before a search what tools or knowledge will be required to analyze the system and its data on the Premises.  However, taking the storage media off-site and reviewing it in a controlled environment will allow its examination with the proper tools and knowledge.

c.  Variety of forms of electronic media.  Records sought under this warrant could be stored in a variety of storage media formats that may require off-site reviewing with specialized forensic tools.

31.  *Nature of examination.*  Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant your Affiant is applying for would permit seizing, imaging, or otherwise copying storage media that reasonably appear to contain some or all of the evidence described in the warrant and would authorize a later review of the media or information consistent with the warrant.  The later review may require techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of a hard drive to human inspection in order to determine whether it is evidence described by the warrant.

32.  Therefore, your Affiant respectfully request this Court to issue a warrant to search the residential dwelling, vehicles, and any computer and computer media, including cellular telephones and external storage devices described in Attachment A, to seize the evidence, fruits, and instrumentalities described in Attachment B, which individually or collectively constitute violation(s) of Title 18, United States Code, Section 2252A(a)(5)(B), Possession of Child Pornography.

## CONCLUSION

33.    For the reasons set forth above, there is probable cause to believe that evidence of possession of child pornography will be located in the PREMISES, as is further described in Attachment A.

34.    Therefore, your Affiant respectfully request this Court to issue a warrant to search the PREMISES described in Attachment A to seize the evidence, fruits, and instrumentalities described in Attachment B of violations of Title 18, United States Code, Section 2252A(a)(5)(B), Possession of Child Pornography. Permission is expressly sought to seize any computer hardware, computer software, external storage devices, cellular telephones, and any computer-related documentation located at the PREMISES and subsequently conduct an on-site and off-site forensic examination, as necessary, using whatever data analysis techniques are needed to seize the evidence, fruits, and instrumentalities listed in Attachment B.

Mark Adair
Special Agent
Homeland Security Investigations

Affidavit subscribed and sworn to before me this 13th  day of September 2021.

Mark E. Ford
United States Magistrate Judge

18

## ATTACHMENT A

## DESCRIPTION OF PREMISES

The PREMISES is described as consisting of a residence located at 708 J Street, Barling, Arkansas, 72923, County of Sebastian. The PREMISES is a single level family dwelling, constructed of light tan colored brick.  The residence has a black mailbox with a red colored post directly in front of the residence clearly marked with the numbers seven (7) zero (0) eight (8) affixed to the mailbox.

**PREMISES of 708 J Street, Barling, Arkansas, 72923**



**ATTACHMENT B**

1.      All records on the electronic devices and evidence described in Attachment A that relate to violations of Title 18, United States Code, Section 2252A(a)(5)(B), Possession of Child Pornography including:

a.      Information that reflects an interest in, or access to, any and all known child pornography web sites, and members-only sites or internet groups in any form wherever it may be stored or found, including hard copy or digital notes, files, or logs.

b.      Images of child pornography and files containing images of child pornography in any form wherever they may be stored or found.

c.      Any computer, computer system and related peripherals; cellular telephones, tapes, cassettes, cartridges, streaming tape, commercial software and hardware, computer disks, disk drives, monitors, computer printers, modems, tape drives, disk application programs, data disks, system disk operating systems, magnetic media floppy disks, hardware and software operating manuals, tape systems and hard drive and other computer related operation equipment, digital cameras, scanners, computer photographs, Graphic Interchange formats and/or photographs, undeveloped photographic film, slides, and other visual depictions of such Graphic Interchange formats (including, but not limited to, JPG, GIF, TIF, AVI, and MPEG), any computer programs capable of viewing any graphic files, and any electronic data storage devices including, but not limited to hardware, software, diskettes, backup tapes, CD-ROMS, DVD, Flash memory devices, and other storage mediums; any input/output peripheral devices, including but not limited to passwords, data security devices and related documentation, and any hardware/software manuals related to or used to visually depict child pornography or child

1

erotica; contain information pertaining to the interest in child pornography; and/or distribute, receive, or possess child pornography, or information pertaining to an interest in child pornography, child erotica or information pertaining to an interest in child pornography; and any text files containing information pertaining to the interest in child pornography or sexual activity with children and/or pertaining to the sale, receipt, distribution, or possession of child pornography.

       d.     Any and all removable electronic storage devices including, but not limited to: CD's, DVD's, external hard drives, thumb drives, etc., that could contain pornography.

       e.     Originals, copies, and negatives of child pornography, as defined in 18 U.S.C. § 2256.

       f.     Motion pictures, films, videos, and other recordings of child pornography, as defined in 18 U.S.C. § 2256.

       g.     Use of the Google application(s) to include Google Drive and Google Photos.

       h.     Information or correspondence pertaining to the possession, receipt, or distribution of child pornography, as defined in 18 U.S.C. § 2256, that were transmitted or received using computer, some other facility or means of interstate or foreign commerce, common carrier, or the U.S. mail.

       i.     Envelopes, letters, and other correspondence including, but not limited to, electronic mail, chat logs, and electronic messages, establishing possession, access to, or transmission through interstate or foreign commerce, including by United States mail or by computer, of visual depictions of child pornography, as defined in 18 U.S.C. § 2256.

       j.     Books, ledgers, and records bearing on the production, reproduction, receipt, shipment, orders, requests, trades, purchases, or transactions of any kind involving the

transmission through interstate or foreign commerce including by United States mail or by computer of any child pornography, as defined in 18 U.S.C. § 2256.

k.      Credit card information including but not limited to bills and payment records to establish ownership.

l.      Records evidencing occupancy or ownership of the premises described above, including, but not limited to, utility and telephone bills, mail envelopes, or addressed correspondence.

m.      Records or other items which evidence ownership or use of any computer equipment found in the above residence, including, but not limited to, sales receipts, bills for Internet access, handwritten notes, registry and setup information within the computer's operating system and customized changes made to the operating system's directory structure.